OPINION — AG — ** URBAN RENEWAL AUTHORITY — COMPETITIVE BIDDING ** (1) WHETHER A MUNICIPAL URBAN RENEWAL AUTHORITY 'MAY' LAWFULLY GRANT A PRIVATE DEVELOPER THE EXCLUSIVE RIGHT TO NEGOTIATE ON AN URBAN RENEWAL PROJECTS TURNS UPON QUESTIONS OF FACT, WHICH CANNOT BE ADDRESSED IN AN ATTORNEY GENERAL OPINION AS A MATTER OF LAW, BUT RATHER, THE PROPRIETY OF SUCH TRANSACTION(S) MUST BE DECIDED ON A CASE BY CASE BASIS UPON THE UNDERLYING FACTS OF EACH TRANSACTION. (2) WHERE THE MUNICIPAL URBAN RENEWAL AUTHORITY DOES 'NOT' GRANT AN " EXCLUSIVE RIGHT " TO A PRIVATE DEVELOPER, THE AUTHORITY HAS NO EXEMPTION FROM THE ANTITRUST (ANTI-TRUST, ANTI TRUST) LAWS UNDER THE " STATE ACTION EXEMPTION, " BUT THE QUESTION OF WHETHER SUCH AGREEMENT OR CONDUCT VIOLATES ANTITRUST LAWS IS A QUESTION OF FACT TO BE DECIDED ON A CASE BY CASE BASIS, AND CANNOT BE ANSWERED WHOLLY AS A MATTER OF LAW. (3) THE COMPETITIVE BIDDING REQUIREMENTS OF 60 O.S. 176 [60-176](F) RELATE ONLY TO CONTRACTS LET BY PUBLIC TRUSTS AND HAVE NO DIRECT RELATION TO CONTRACTS LET BY A MUNICIPAL URBAN RENEWAL AUTHORITY. (MUNICIPAL URBAN RENEWAL AUTHORITIES, EXCLUSIVE DEALING, STATE ACTION EXEMPTION, CAPITAL IMPROVEMENTS, CONSTRUCTION, REAL PROPERTY, DEVELOPER — GRANTEE) CITE: 11 O.S. 38-101 [11-38-101], 11 O.S. 38-101 [11-38-101](1) 11 O.S. 38-101 [11-38-101](9), 11 O.S. 38-107 [11-38-107] 11 O.S. 38-104 [11-38-104], 11 O.S. 38-108 [11-38-108] ARTICLE V, SECTION 51 (GARY W. GARDENHIRE)